IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER ELAINE LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| vs. ) | |
| ) | 1:06-CV-0522-GET |
| DOUGLAS R. BESS, M.D., ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, METRO STATE ) | |
| PRISON, MHM CORRECTIONAL ) | |
| SERVICES, INC. and GEORGIA ) | |
| CORRECTIONAL HEALTHCARE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS DOUGLAS R. BESS, M.D.'S AND MHM CORRECTIONAL SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE**

COME NOW DOUGLAS R. BESS, M.D. ("Dr. Bess") AND MHM CORRECTIONAL SERVICES INC. ("MHM"), named defendants in the above captioned case, and herein file their reply brief in support of their motion to strike plaintiff's expert disclosure under Fed.R.Civ.P. 26.

Defendants' motion to strike encompassed two arguments. First, plaintiff failed to timely file the disclosure of her expert, Matthew Norman, M.D., before the close of discovery in violation of N.D. Ga. L.R. 26.2C. Second, Dr. Norman's expert report—submitted more than two months after the close of discovery—prejudices defendants because this report

substantially expands upon the opinions Dr. Norman gave in his deposition and in his affidavit attached to plaintiff's Complaint.

Plaintiff offers nothing in her response to justify the untimely Rule 26 disclosure of Dr. Norman. Also, plaintiff ignores the main thrust of defendants' motion: that defendants are prejudiced by plaintiff's act of filing an expert report after the close of discovery that expands that expert's earlier testimony and affidavit. As such, this Court should strike Dr. Norman's expert disclosure and limit Dr. Norman to the opinions he already has expressed in this case.

## I. PLAINTIFF UNTIMELY FILED HER EXPERT DISCLOSURE

This Court's local rules require that parties file their expert disclosures, including expert reports, before the close of discovery. See Fed.R.Civ.P. 26(a)(2)(B),(C); N.D. Ga. L.R. 26.2C; Nida v. Echols, 31 F.Supp.2d 1358, 1377-78 (N.D. Ga. 1998) [stating that this Court's rules require parties to file their expert disclosures and reports before the close of discovery]. Plaintiff does not contest that she failed to file her disclosure of Dr. Norman, along with his report, before discovery closed.

Instead, plaintiff's lawyers suggest that they were unable to timely file the expert disclosure and report because: (1)

"the volume of material requiring review by [Dr. Norman] in this case is large;" (2) plaintiff's lead counsel "spent the month of July at a trial college, at considerable expense;" and (3) plaintiff's co-counsel suffered a seizure on July 14, 2006, which necessitated a reduction in his workload.

However, Dr. Norman indicated in his report that his opinions on causation were based: (1) on medical records he identified in large part in the February 2006 affidavit attached to the re-filed Complaint; (2) a text written in 1998 (which he did not identify during his 2005 deposition); (3) his own deposition in August 2005; and (4) other depositions taken in 2005. (DE 57, Exh. A at 1-3). Plaintiff re-filed this case on February 13, 2006. Dr. Norman presumably could have obtained these records to prepare his five-page report before discovery closed on August 3, 2006. Plaintiff's lead counsel's furtherance of her professional development during the last full month of discovery is irrelevant to whether plaintiff could have produced Dr. Norman's report before the close of a nearly six-month discovery period, especially when it appears that Dr. Norman bases much of his report on discovery from the previously-filed case. Similarly, the illness of plaintiff's co-counsel, although regrettable, simply is irrelevant to the issue of disclosure of Dr. Norman's report. Plaintiff never

sought an extension of the Rule 26 deadline and, instead, simply filed the disclosure months after discovery closed.

**II. PLAINTIFF'S LATE DISCLOSURE PREJUDICES DEFENDANTS**

Dr. Norman's expert report, produced for the first time as part of plaintiff's expert disclosure, added to and expanded on the opinions he included in both the affidavit attached to plaintiff's Complaint and his deposition testimony. (Compare Norman Depo. at 31-35, 88-89, 94-95 with DE 57, Exh. A at 2-5). Specifically, Dr. Norman added substance and detail to his causation opinions about how defendants' acts allegedly caused plaintiff to develop NMS.

Plaintiff makes much of the fact that defendants already have deposed Dr. Norman. This fact only proves that defendants have been prejudiced by the untimely-filed additional matters contained in Dr. Norman's expert report. Defendants could not have questioned Dr. Norman on his additional opinions when Dr. Norman had not yet presented those opinions.

Plaintiff's suggestion that defendants somehow are at fault for filing the instant motion to strike because they did not attempt to resolve this discovery dispute under Fed.R.Civ.P. 37 is erroneous. Discovery had been closed for over two months when plaintiff filed her expert disclosure and report. At this point, whatever remedies defendants could pursue (whether

striking plaintiff's expert disclosure or allowing defendants to depose Dr. Norman on the expanded matters in his expert report) would require court action.

This Court should strike plaintiff's expert disclosure in its entirety and should limit Dr. Norman to the opinions he has expressed in this case before the close of discovery.[1] Alternatively, this Court could allow plaintiff's untimely disclosure but grant defendants the chance to re-depose Dr. Norman (at plaintiff's cost) to explore his additional and expanded opinions and, if necessary, file supplemental disclosures of their own expert witnesses.

This 4th day of December, 2006.

**CRUSER & MITCHELL, LLP**

Peachtree Ridge, Suite 750  
3500 Parkway Lane  
Norcross, GA 30092    s/Deana Simon Johnson____  
(404) 881-2622 telephone    Deana Simon Johnson  
(404) 881-2630 facsimile    Georgia Bar No. 646925  
    Michael D. Hoffer  
    Georgia Bar No. 359493  
    Counsel for defendants MHM and Bess

---

[1] Defendants MHM and Bess reiterate that they in no way are waiving the arguments advanced in their <u>Daubert</u>-based motion to strike Dr. Norman's opinion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day electronically filed **DEFENDANTS' DOUGLAS R. BESS M.D.'S AND MHM CORRECTIONAL SERVICES, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Adrienne P. Hobbs<br>Scott Halperin<br>Hobbs & Halperin<br>235 Peachtree Street<br>#400<br>Atlanta, GA 30303 | Dave Stubins<br>Department of Law<br>40 Capitol Square<br>Atlanta, GA 30334 |

This 4th day of December, 2006.

                                          Cruser & Mitchell, LLP

                                          s/Deana Simon Johnson
                                          Deana Simon Johnson
                                          Michael D. Hoffer