IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 8 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

JENNIFER ELAINE LANIER,

    Plaintiff,

v.

DOUGLAS R. BESS, M.D.; GEORGIA
DEPARTMENT OF CORRECTIONS;
METRO STATE PRISON; MHM
CORRECTIONAL SERVICES, INC.;
GEORGIA CORRECTIONAL
HEALTHCARE,

    Defendants.

CIVIL ACTION
NO. 1:06-cv-0522-GET

O R D E R

The above-styled matter is presently before the court on:

(1) defendant Bess' motion to compel discovery responses [docket no. 31];

(2) defendants Bess and MHM's motion to strike testimony of plaintiff's expert Matthew W. Norman, M.D. [docket no. 34];

(3) plaintiff's motion for protective order [docket no. 43];

(4) defendants Bess and MHM's motion for leave to file excess pages [docket no. 48];

(5) plaintiff's motion for leave to file excess pages [docket no. 49];

(6) defendant MHM's motion for partial summary judgment [docket no. 50];

(7) plaintiff's motion to dismiss § 1983 claims [docket no. 52];

(8) plaintiff's motion to remand to state court [docket no. 54];

(9) defendants Bess and MHM's motion to strike expert report [docket no. 58].

On or about February 14, 2006, plaintiff filed this action in the State Court of DeKalb County, Georgia against Douglas R. Bess, M.D., Georgia Department of Corrections, Metro State Prison, MHM Correctional Services, Inc. ("MHM") and Georgia Correctional Healthcare ("GCHC") asserting claims for (1) professional negligence, (2) damages pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth and Eighth Amendments to the United States Constitution, and (3) punitive damages. Plaintiff alleges that she was permanently injured due to defendants' failure to provide adequate mental and physical treatment while plaintiff was in the custody of the Georgia Department of Corrections. On March 6, 2006, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1441.

Plaintiff's instant complaint is a renewal action of an earlier lawsuit between the same parties and based on the same facts. The earlier action was first filed in DeKalb County, Georgia and removed to this court. This court dismissed the federal law claims against most of the defendants and remanded the case to State Court pursuant to the consent of the defendants. At the time of the remand, defendant Bess had not been served with the

complaint. On August 17, 2005, plaintiff filed a voluntary dismissal of the lawsuit in State Court pursuant to O.C.G.A. § 9-2-61.

In February 2006, plaintiff filed the instant complaint in State Court as a renewal action. On March 17, 2006, plaintiff filed a motion to remand on the grounds of *res judicata* and collateral estoppel based on this court's remand of the previous lawsuit. On April 12, 2006, the court denied plaintiff's motion to remand, finding a sufficient change of circumstances to permit removal of this action and noting this court's jurisdiction over plaintiff's § 1983 claims against defendants Bess and MHM. On January 19, 2006, the court granted plaintiff's motion to dismiss defendant GCHC.

The remaining defendants have filed a motion to compel discovery responses, motion to strike plaintiff's expert and expert report and a motion for partial summary judgment. Plaintiff has filed a motion for protective order, motion to dismiss her § 1983 claims, and a motion to remand.

**Motion to dismiss § 1983 claims**

On September 10, 2006, plaintiff filed a motion to dismiss her § 1983 claims against defendants Bess and MHM. MHM currently has a motion for partial summary judgment as to this claim pending before the court. Plaintiff concedes that dismissal of these claims must be with prejudice.

Defendants MHM and Bess do not object to the dismissal but request that the court reject any subsequent effort by plaintiff to remand the action to state court. Having read and considered plaintiff's motion to dismiss the § 1983 claims against defendants Bess and MHM, the court hereby GRANTS plaintiff's motion to dismiss [docket no. 52] with prejudice. In light of the foregoing, defendant MHM's motion for partial summary judgment as to the § 1983 claim [docket no. 50] is DENIED as moot.

**Motion to remand**

On September 20, 2006, plaintiff filed a motion to remand this action to state court pursuant to 28 U.S.C. §§ 1367 and 1447(c). Defendants Bess and MHM object to a remand of the action at "this late stage of the litigation." Defendants contend that the court should continue to exercise jurisdiction over the state law claims, and reject plaintiff's attempt to forum shop, because discovery has closed and remand "does not further the principles of judicial economy, fairness, convenience and comity."

The district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has held that a district court has discretion to remand a case in which all of the federal law claims were dropped by the plaintiff after removal, leaving only pendent state law claims. Carnegie-Mellon Univ. v. Cohill,

484 U.S. 343, 108 S. Ct. 614 (1988). Any attempt to manipulate the forum should be taken into account in balancing "the principles of [judicial] economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id. at 357, 108 S. Ct. 623.

As all parties and counsel, with the exception of plaintiff, are in the Atlanta area, remand of this action is unlikely to impact the convenience of the parties. Likewise, there is no evidence which would suggest that the State forum is biased or otherwise "unfair." Furthermore, the court finds that the issues raised by plaintiff's medical negligence claims under the Georgia Tort Claims Act present "novel or complex" issues of State law and are best resolved by the State court. For example, in responding to defendants' motion to strike plaintiff's expert due to the expert's alleged deficiencies under O.C.G.A. § 24-9-67.1, plaintiff argues that this statute and its requirements are unconstitutional under the Georgia Constitution.

While the court recognizes that plaintiff's dismissal of her federal claims and request for remand may have been motivated entirely by a desire to forum shop, the court finds that plaintiff's motivation is outweighed by the considerations which support remand. Retaining the case in federal court for the sole reason of thwarting plaintiff's attempt to forum shop would not serve the interests of judicial economy, fairness, convenience or

comity. Therefore, for all the foregoing reasons, plaintiff's motion to remand to the State Court of DeKalb County, Georgia [docket no. 54] is GRANTED.

All other motions should be terminated from the docket of this court but remain pending for consideration by the State Court of DeKalb County.

Summary

(1) Plaintiff's motion to dismiss § 1983 claims [docket no. 52] is **GRANTED**;

(2) Plaintiff's motion to remand to state court [docket no. 54] is **GRANTED**;

(3) Defendant MHM's motion for partial summary judgment [docket no. 50] is **DENIED AS MOOT**;

(4) All other motions, as follows, should be terminated from this court's docket but remain pending for consideration by the State Court of DeKalb County:

(a) defendant Bess' motion to compel discovery responses [docket no. 31];

(b) defendants Bess and MHM's motion to strike testimony of plaintiff's expert Matthew W. Norman, M.D. [docket no. 34];

(c) plaintiff's motion for protective order [docket no. 43];

(d) defendants Bess and MHM's motion for leave to file excess pages [docket no. 48];

(e) plaintiff's motion for leave to file excess pages [docket no. 49];

(f) defendants Bess and MHM's motion to strike expert report [docket no. 58].

**SO ORDERED**, this 23 day of January, 2007.

G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT JUDGE